SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Dean Carter, Jr., | ) | No. CV 08-1651-PHX-DGC (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Sheriff Joseph Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Robert Dean Carter, Jr., who is confined in the Arizona State Prison Complex-Stiner Unit, in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 5.)[1] The Court will order Defendant Arpaio to answer Counts I-III of the Complaint and will dismiss the negligence allegations without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

---
[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff alleges three counts regarding medical care, threats to safety, and retaliation. He sues only Maricopa County Sheriff Joseph Arpaio. Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges the following facts: In November 2005, Plaintiff was held as a pretrial detainee at Maricopa County Jail facility. He was lowering himself from an upper bunk, which did not have a ladder, when he fell. After complaining about chest pain, an unidentified jail physician diagnosed kidney stones although Plaintiff's chest pains were so severe that he could not eat or swallow. Plaintiff pleaded for further evaluation and was then placed in solitary confinement for several weeks, where he was denied a pencil and medical needs request or grievance forms. Immediately after leaving the jail, doctors found that Plaintiff had a staph infection due to unsanitary conditions and fracturing ribs in the fall that had spread throughout his body and required the removal of a lung.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he

1 suffered a specific injury as a result of the conduct of a particular defendant and he must
2 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
3 Goode, 423 U.S. 362, 371-72, 377 (1976).

4 Plaintiff in part alleges that his constitutional rights were violated based upon
5 negligence. Negligence by a defendant acting under color of state law is not sufficient to
6 state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must
7 plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d
8 557, 568 (9th Cir. 2002). Plaintiff therefore fails to state a claim to the extent that he alleges
9 negligence.

10 **V.  Claims for Which an Answer Will be Required**

11 Plaintiff alleges that he received constitutionally deficient medical care. He also
12 alleges that the denial of such care and his placement in solitary confinement after seeking
13 such care posed seriously threatened him and was in retaliation for seeking medical care.
14 Finally, Plaintiff alleges that Defendant Arpaio implemented and promoted policies that
15 resulted in the violations alleged. (Doc.# 1 at 2.) Defendant Arpaio will be required to
16 respond to Counts I to III of the Complaint.

17 **VI.  Warnings**
18 **A.  Release**

19 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
20 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
21 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
22 in dismissal of this action.

23 **B.  Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with Rule
25 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
26 relief with a notice of change of address. Failure to comply may result in dismissal of this
27 action.
28 /   /   /

1  **C.  Copies**

2  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
3  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
4  stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
5  an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
6  may result in the filing being stricken without further notice to Plaintiff.

7  **D.  Possible Dismissal**

8  If Plaintiff fails to timely comply with every provision of this Order, including these
9  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
10  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
11  comply with any order of the Court).

12  **IT IS ORDERED:**

13  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 5.)

14  (2)  As required by the accompanying Order to the appropriate government agency,
15  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

16  (3)  Plaintiff's allegations of negligence are **dismissed** without prejudice.

17  (4)  Defendant Arpaio must answer Counts I-III.

18  (5)  The Clerk of Court must send Plaintiff a service packet including the
19  Complaint (doc.# 1), this Order, and both summons and request for waiver forms for
20  Defendant Arpaio.

21  (6)  Plaintiff must complete and return the service packet to the Clerk of Court
22  within 20 days of the date of filing of this Order. The United States Marshal will not provide
23  service of process if Plaintiff fails to comply with this Order.

24  (7)  If Plaintiff does not either obtain a waiver of service of the summons or
25  complete service of the Summons and Complaint on a Defendant within 120 days of the
26  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
27  action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
28  16.2(b)(2)(B)(I).

1 (8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1   (13)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
2   72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3   DATED this 28th day of October, 2008.

David G. Campbell
United States District Judge