**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dean Carter, Jr., | No. CV 08-1651-PHX-DGC (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss on statute of limitations grounds and for lack of exhaustion (Doc. # 11). Plaintiff failed to respond, although he was informed of his right and obligation to do so (Doc. # 12). Defendant has also moved for summary disposition of the motion to dismiss (Doc. # 13). The Court will grant the motion to dismiss, deny the motion for summary disposition as moot, and dismiss this action without prejudice.

**I.     Background**

In his Complaint, Plaintiff alleged that in November 2005 he was denied medical care for injuries sustained in a fall from his bunk (Doc. # 1). Plaintiff also claimed that the denial of such care and his subsequent placement in solitary confinement posed serious threats to his safety and constituted retaliation for seeking medical care. Plaintiff specifically alleged that Defendant Arpaio implemented and promoted policies that resulted in the violations alleged (id. at 2, 4-6). And while Plaintiff acknowledged that a grievance procedure existed at the jail, he claimed that he had been placed in solitary confinement, denied a pencil and

grievance forms, and was seriously ill (id.). The Court required Defendant Arpaio to answer Counts I through III (Doc. # 6).[1]

Defendant Arpaio moves to dismiss on statute of limitations grounds and for lack of exhaustion. Specifically, Defendant Arpaio argues that because Plaintiff's claims accrued in November 2005 and he did not file his Complaint until September 2008, his claims are barred by the two year statute of limitations. Alternatively, Defendant Arpaio contends that Plaintiff failed to file a single grievance as to the claims in his Complaint (Doc. # 8 at 6).

Plaintiff was issued an order containing warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 12). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (id. at 2).

## I.    Legal Standard - Statute of Limitations

In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

The Court must also apply any state rule for tolling to actions brought under § 1983. Hardin v. Straub, 490 U.S. 536, 544 (1989); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999). Under Arizona law, the limitation period is tolled during mandatory exhaustion of administrative remedies. See Arizona Dep't of Revenue v. Dougherty, 29 P.3d 862 (Ariz. 2001); Third & Catalina Assoc. v. City of Phoenix, 895 P.2d 115, 119 (Ariz. Ct. App. 1994); see also A.R.S. § 12-821.01(c) (cause of action required by law or contract to be submitted to administrative review process does not accrue until process exhausted).

///

///

---

[1] Plaintiff's allegations of negligence were dismissed (Doc. # 6 at 4).

- 2 -

### III. Analysis

Defendant Arpaio argues that Plaintiff's claims are barred by the statute of limitations. Plaintiff states in his Complaint that Defendant Arpaio's policies resulted in a denial of medical care, retaliation, and threats to Plaintiff's health and safety when he was placed in solitary confinement in November 2005. Plaintiff states in his Complaint that he was not able to seek administrative remedies because of his placement in solitary confinement. Because Plaintiff acknowledges that he did not utilize the grievance procedure, there is no time to toll during exhaustion. Consequently, Plaintiff had two years from November 2005 to file his claim. Plaintiff filed his Complaint in September 2008, rendering it untimely by 10 months. But even if the Court were to toll the time where Plaintiff *could* have exhausted his administrative remedies,[2] Plaintiff's claim is still untimely by at least several months. And in failing to respond to Defendant Arpaio's motion to dismiss, Plaintiff has failed to offer any other argument in favor of tolling. Consequently, this action is barred by the statute of limitations and this action must be dismissed. Because the Court finds that Plaintiff's are barred by the statute of limitations, the Court need not reach Defendant Arpaio's argument regarding exhaustion.

### IV. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant Arpaio's motion to dismiss. Plaintiff was warned of this possibility (Doc. # 12). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the

---

[2] The Court takes judicial notice of the Maricopa County Jail's Grievance Procedure pursuant to Federal Rule of Evidence 201(b) (Doc. # 11, Ex. A, Attach. 1). The time to fully exhaust the jail's grievance procedure does not exceed 90 days.

availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that he has ostensibly lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED:**

(1) Defendant Arpaio's Motion to Dismiss (Doc. # 11) is **granted**.

(2) Defendant Arpaio's Motion for Summary Determination (Doc. # 13) is denied as moot.

(3) Plaintiff's action is dismissed without prejudice as barred by the statute of limitations or alternately, for failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 14th day of April, 2009.

David G. Campbell
United States District Judge