JWB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dean Carter, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>Defendant. | No. CV 08-1651-PHX-DGC (MEA)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss on statute of limitations grounds and for lack of exhaustion (Doc. # 11). Plaintiff did not file a response, and the Court granted Defendant's motion and entered judgment on April 14, 2009 (Doc. ## 14-15). Plaintiff then moved to reopen, contending that he attempted to mail his response to Defendant's Motion to Dismiss, but that prison officials never sent it (Doc. # 16). The Court granted Plaintiff's motion and reopened this case (Doc. # 18). The Court further directed Plaintiff to file his response to Defendant's Motion to Dismiss. Plaintiff has filed his response (Doc. # 20) and Defendant has replied in support of his motion (Doc. # 24). The Court will grant the Motion to Dismiss and terminate this action.

**I.     Background**

In his Complaint, Plaintiff alleged that in November 2005 he was denied medical care for injuries sustained in a fall from his bunk (Doc. # 1). Plaintiff also claimed that the denial of such care and his subsequent placement in solitary confinement posed serious threats to

his safety and constituted retaliation for seeking medical care. Plaintiff specifically alleged that Defendant Arpaio implemented and promoted policies that resulted in the violations alleged (id. at 2, 4-6). While Plaintiff acknowledged that a grievance procedure existed at the jail, he claimed that he had been placed in solitary confinement, denied a pencil and grievance forms, and was seriously ill (id.). The Court required Defendant Arpaio to answer Counts I through III (Doc. # 6).[1]

Defendant Arpaio moves to dismiss on statute of limitations grounds and for lack of exhaustion. Specifically, Defendant Arpaio argues that because Plaintiff's claims accrued in November 2005 and he did not file his Complaint until September 2008, his claims are barred by the two year statute of limitations. Alternatively, Defendant Arpaio contends that Plaintiff failed to file a single grievance as to the claims in his Complaint (Doc. # 8 at 6).

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 12).[2] In his response, Plaintiff first contends that he is seriously mentally ill and has received disability benefits since 2001 (Doc. # 20 at 2). Consequently, Plaintiff argues that because his disability continues to this day, the statute of limitations has never begun to run and his claims are not untimely. Plaintiff also contends that he had no available administrative remedies because he did not know the extent of his injury until he was released from custody and taken to surgery (id. at 3).[3]

In reply, Defendant Arpaio argues that Plaintiff has not presented any evidence to support his claim that his disability rendered him unable to pursue his claims, thereby tolling the statute of limitations (Doc. # 24 at 2). Further, Defendant Arpaio maintains that Plaintiff

---

[1] Plaintiff's allegations of negligence were dismissed (Doc. # 6 at 4).

[2] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

[3] The Court also notes that Plaintiff submitted a First Amended Complaint with his response (Doc. # 21). This amended pleading presents identical claims to the original Complaint and therefore it is unnecessary to direct Defendant Arpaio to respond to the amended pleading.

1 has presented inconsistent explanations for why he failed to exhaust his administrative
2 remedies. Defendant Arpaio argues that Plaintiff knew in November 2005 that he fell from
3 his bunk, did not receive the medical care he needed, and was placed in solitary confinement
4 in retaliation for seeking medical care (id. at 3). Plaintiff did not, however, obtain a
5 grievance form and exhaust his available administrative remedies.

## II. Legal Standard

### A. Statute of Limitations

In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

The Court must also apply any state rule for tolling to actions brought under § 1983. Hardin v. Straub, 490 U.S. 536, 544 (1989); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999). Under Arizona law, the limitation period is tolled during mandatory exhaustion of administrative remedies. See Arizona Dep't of Revenue v. Dougherty, 29 P.3d 862 (Ariz. 2001); Third & Catalina Assoc. v. City of Phoenix, 895 P.2d 115, 119 (Ariz. Ct. App. 1994); see also A.R.S. § 12-821.01(c) (cause of action required by law or contract to be submitted to administrative review process does not accrue until process exhausted). Arizona otherwise provides for tolling of the statute of limitation after a cause of action accrues for the period during which a plaintiff was less than 18 years old or of unsound mind. A.R.S. § 12-502.

### B. Exhaustion

The PLRA provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81,

92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**III. Analysis**

**A. Statute of Limitations**

Defendant Arpaio argues that Plaintiff's claims are barred by the statute of limitations. Plaintiff contends that because he has been determined to be seriously mentally ill and has received disability benefits since 2001, the statute of limitations has been tolled and his claims are not untimely.

The Court cannot find that Plaintiff is entitled to tolling based on his allegation that he is seriously mentally ill.[4] Not only has Plaintiff failed to describe his illness with any specificity, but he fails to provide even a scintilla of evidence to support his contention. Moreover, the "focus of the unsound mind inquiry is on a plaintiff's ability to manage his or her ordinary daily affairs." Florez v. Sargeant, 917 P.2d 250, 255 (Ariz. 1996). Plaintiff's claim that he is seriously mentally ill does not automatically mean that he has been unable to manage his daily affairs. As in Florez, Plaintiff fails to provide a declaration or any other evidence regarding the nature of his illness and how it prevented him from pursuing his claim within the statute of limitations. Florez, 917 P.2d at 255. Plaintiff's conclusory allegation

---

[4] Because Plaintiff acknowledges that he did not utilize the grievance procedure (Doc. # 20 at 2), there is no time to toll during exhaustion.

that he is seriously mentally is insufficient to toll the statute of limitations. Plaintiff's claims, therefore, are untimely. See Doe v. Roe, 955 F.2d 951, 964 (Ariz. 1998) (citing Florez, 917 P.2d at 255) ("The policy of protecting defendants against stale and fraudulent claims cannot be overcome by conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities.").

**B.     Exhaustion**

In support of his argument that Plaintiff also failed to exhaust his administrative remedies, Defendant Arpaio submitted the affidavit of Sergeant Susan Fisher (Fisher Aff., Ex. 1, Doc. # 11). Fisher attested that inmates are notified of the grievance procedure when they receive the Maricopa County Sheriff's Office Rules and Regulations for Inmates and that grievance forms explain the sequential steps in the grievance procedure (id. at ¶¶ 4-5). She further attested that she reviewed Plaintiff's grievance records and determined that Plaintiff filed one grievance on October 14, 2005 related to psychiatric medication, but did not file any grievances related to the claims presented in his Complaint (id. at ¶ 7).

In response, Plaintiff acknowledged that he did not file any grievances while in Maricopa County custody (Doc. # 20 at 2-3). Rather, Plaintiff claimed that he did not become aware of his claims until his release and, therefore, had no remedy available to him (id.). In his Complaint, Plaintiff alleged that in November 2005 he fell from his bunk and injured himself because there was no ladder on the bed. Plaintiff further claimed that his resulting chest pain was so severe that he could not eat. Plaintiff alleged that in retaliation for seeking medical treatment, he was placed in solitary confinement for several weeks (Doc. # 1 at 4-6). Plaintiff was aware of all of these alleged facts at the time they occurred in November 2005. Plaintiff's contention that he did not know of his claims until he was released from custody is unavailing.

Moreover, Plaintiff presented a completely different explanation for his failure to exhaust in his Complaint—that he was prevented from using the grievance system. But Plaintiff has not specifically named any individual who refused his request for grievance forms, nor has he described with any degree of specificity (dates, times, or other identifying

circumstances) what transpired to prevent him from filing grievances. Plaintiff has not presented any evidence to support his contentions. The Court finds that Defendant Arpaio has also met his burden to establish nonexhaustion.

**IV.     Conclusion**

Plaintiff's claims are barred by the statute of limitations and are subject to dismissal for failure to exhaust. Defendant Arpaio's Motion to Dismiss will be granted and this action will be dismissed.

**IT IS ORDERED:**

(1) The reference is withdrawn from the Magistrate Judge as to Defendant's Motion to Dismiss (Doc. # 11).

(2) Defendant's Motion to Dismiss (Doc. # 11) is **granted**.

(3) This action is dismissed without prejudice for failure to exhaust. The Clerk of Court is directed to enter judgment accordingly.

DATED this 13th day of August, 2009.

_____
David G. Campbell
United States District Judge